UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CAROLYN D. MASSENGALE HASAN,    : CASE NO. 1:12-CV-00029
:
       Plaintiff,     :
:
vs.                             : OPINION & ORDER
                               : [Resolving Doc. No. 1]
JUDGE PAMELA A. BAKER, *et al.*, :
:
       Defendants.    :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Carolyn D. Massengale Hasan ("Massengale Hasan") filed this action under 42 U.S.C. § 1983 and 15 U.S.C. §§ 1692e, 1692g and 1692k against Cuyahoga County Court of Common Pleas Judge Pamela A. Baker and Attorney Matthew G. Burg.  In the Complaint, Plaintiff alleges her vehicle was repossessed for nonpayment of an auto loan.  She asks this Court to intervene in the state court proceedings, vacate the Order of Replevin issued by Judge Baker, and order Ford Motor Credit Company ("Ford Motor Credit") to return her vehicle and award other relief as appropriate.

    Massengale Hasan also filed a Motion to Proceed Application to Proceed *In Forma Pauperis*. [Doc. No. 2]  That Motion is granted.

**I. Background**

Massengale Hasan includes few factual allegations in her Complaint. Ford Motor Credit filed an action against her in the Cuyahoga County Court of Common Pleas, Case No. CV-11-762773, on August 25, 2011.[1] Judge Baker is presiding over the case and Matthew Burg represents Ford Motor Credit. The Court made several attempts to obtain a settlement of the claims with Massengale Hasan and Ford Motor Credit. A settlement conference was held in October 2011 and Massengale Hasan was given until November 1, 2011 to suggest a settlement proposal to Ford Motor Credit. Massengale Hasan did not comply with the order, but instead submitted an "Affidavit of Fact in Nature of Discovery Notice" [Doc. No. 1-2], a document entitled "Compel for Production" [Doc. No.1-3], and an "Objection for Lack of Ratification of Commencement Challenge to Subject Matter Jurisdiction Violation of Due Process of Law" in which she claimed the court lacked jurisdiction over her because she is an "aboriginal/indigenous Moorish American." [Doc. No. 1-4 at 1.]

On November 3, 2011, Ford Motor Credit notified the Court that it was still attempting to resolve the matter with Massengale Hasan. The deadline to reach an agreement was extended to December 1, 2011; however, Massengale Hasan was notified that if an agreement was not reached, the Court would grant Ford Motor Credit's Motion for Possession of Personal Property in Replevin. The parties were not able to reach a settlement, and the Court granted the Motion in Replevin on December 2, 2011. Her vehicle was towed away on December 16, 2011. She contends she was never told the nature of the cause of action against her and was denied a trial. Plaintiff asserts her Fifth Amendment rights were violated by Judge Barker. She also claims

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/.

Defendants failed to comply with 15 U.S.C. §§ 1692e, 1692g and 1692k of the Fair Debt Collection Act. She asks this Court to vacate the state court Replevin Order and require her property to be returned.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  Analysis

The state court action against Plaintiff is still pending in the Cuyahoga County Court of Common Pleas.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988).  If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.  *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The case against Massengale Hasan is still pending in state court and it involves matters of paramount state interest. *See Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that *Younger* abstention was required in Plaintiff's challenge to a state court foreclosure action). The third requirement of *Younger* is that Massengale Hasan must have an opportunity to assert her federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of her claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present her claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15. Here, there has been no showing that the claims asserted by Massengale Hasan in the federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in the pending state court action against her.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF # 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

IT IS SO ORDERED.

Date: April 17, 2012                    s/ James S. Gwin
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE